## STATE OF FLORIDA v. FANN
No. 81-8814
Seventeenth Judicial Circuit, Broward County
June 29, 1983

Seth Ray, Office of the State Attorney, for plaintiff.

Jeffrey A. Glass, for defendant.

J. LEONARD FLEET, Circuit Judge

Defendant, THOMAS JACKIE FANN, JR., is now before the Court for sentencing, a jury of his peers having previously found him guilty as

charged. The Court has had the benefit of a Presentence Investigation Report prepared by Mr. Brady, a probation officer, and the statements of counsel for both Mr. Fann and the State of Florida. From all that has been submitted to the Court, it is expressly found that there is no legal reason why sentence should not now be imposed.

Mr. Fann has been found guilty of delivering heroin (as charged in Counts I, III and IV), guilty of possessing heroin (as charged in Count V), guilty of delivering cocaine (as charged in Count II) and guilty of possession of cocaine (as charged in Count VI). Heroin is a Schedule I controlled substance and cocaine is a Schedule II controlled substance. Except for Count VI (possession of cocaine), each charge in the Information is a second degree felony; possession of cocaine is a third degree felony. Thus, the maximum penalty that can be imposed upon Mr. Fann is incarceration for 75 years and a fine of $55,000. The problem now confronting the Court is the determination of that penalty which will most properly punish Mr. Fann, meet the needs of our society and serve the ends of justice as we understand such phrases.

Heroin and cocaine are amongst the most addictive narcotics now being abused in our society. In spite of the constant efforts of various law enforcement agencies to interdict the supply of such narcotics before they enter our country, huge quantities regularly slip in undetected. Once inside our borders, the evil of addiction—be it usage of the drug or moral corruption of others—seeps into the very fabric of our society. As the evil substance wends its way to the street, much as a rattlesnake slithers through a briar patch, death and destruction are left behind. Once on the street, heroin and cocaine blossom into hydraheaded monsters from which no one of us is entirely safe.

In the case at bar, Mr. Fann operated an apparently thriving business. All one need do in order to purchase from his inventory was to present the requisite amount of money and request delivery of the desired substance. From the record, it appears that Mr. Fann sold his product to all who desired it with absolutely no compunction as to who would ultimately fall victim to the temptation. Indeed, Mr. Fann was, from all indications, motivated solely by greed. This being so, he must now suffer the penalty of such motivation.

Society cannot long endure and retain its vitality if those who deal in moral and physical degradation are not vigorously prosecuted and, upon proper conviction, sternly sentenced. Unless we permit decay from within, our country need fear no entity on this earth; on the other hand, internal decay, as is generated by winking our eyes at illicit narcotics activity, will destroy us so thoroughly that no present or potential enemy need ever engage us in combat in order to defeat us.

It is the opinion of this Court that the battle on the streets to stop narcotics activity is useless absent the cooperation of the judiciary after an accused has been found guilty of violating the laws relating thereto.

The foregoing considered, it is thereupon

ORDERED and ADJUDGED that:

1.  THOMAS JACKIE FANN is hereby adjudicated guilty of Counts I-VI as charged in the Information.

2.  As to each of Counts I-V, Defendant shall be incarcerated in the Department of Corrections for five (5) years on each count, each five-year term to be consecutive.

3.  As to Count VI, the Defendant shall be incarcerated in the Department of Corrections for five (5) years, said term to be consecutive to the sentence imposed on Counts I-V.

4.  The total term of incarceration sought to be imposed herein is thirty (30) years.

5.  As to Counts I-VI, Defendant is hereby fined $5,000 per count, for a total fine, exclusive of court costs, in the amount of $30,000.

6.  Defendant is now remanded to the custody of the Broward County Sheriff for transportation to the Department of Corrections.